STATE OFFICERS AND EMPLOYEES
Under the provisions of 74 O.S. 285 [74-285](46) (1978) note, the committee, elected to meet with the school administration for the purpose of determining a salary schedule, must be a committee elected by classroom teachers specifically for the purpose of determining a salary schedule pursuant to meetings and conferences with the school administration. Any selected committee of classroom teachers previously elected or created for any other purpose would not comply with the statutory procedure. Additionally, the referred committee elected to meet with school administration for the purpose of determining a salary schedule under this section must be one elected solely by classroom teachers, this being to the exclusion of election participation by other supervisory or managerial employees of the district who are not classroom teachers. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1) Under the provisions of 74 O.S. 285 [74-285](46) (1978) note, must the committee, which is elected to meet with the school administration for the purpose of determining a salary schedule, be a committee elected specifically for the purpose of determining a salary schedule in conjunction with the school administration, or, may a school superintendent, on his own volition, select any committee provided that such committee has been elected previously by the classroom teachers, even if not for the specific purpose spelled out in this section of the statute? 2) Must the referred committee, elected to meet with the school administration for the purpose of determining a salary schedule, be elected solely by classroom teachers to the exclusion of supervisory and managerial employees such as superintendents, principals, etc. ? Title 74 O.S. 285 [74-285](46) (1978) note, is a statutory provision which, as recognized in Oklahoma Attorney General's Opinion No. 78-249 (issued December 28, 1978), mandates respective increases in teachers salary and/or fringe benefits for fiscal year 1979 and which further provides for three basic ways through which the allocation and distribution of such increases may be accomplished. Your questions generally address the latter aspect of the statute, that portion related to the authorized manner of distribution among teachers, and, in particular, relates to the referred third manner of allocation described in the statute as follows: "Provided, however, nothing in this act shall prohibit the school administration from working with a committee elected by the classroom teachers for the purpose of determining a salary schedule which meets or exceeds state minimum." Under the above-quoted statutory language, your first question essentially asks if the referred committee is required to be one elected specifically for the purpose of determining salary schedule, through meetings and conferences with school administration, or, if the referred committee may be one selected by an administrator and be one previously elected by classroom teachers for any purpose, i.e., possibly purposes wholly unconnected with salary determination responsibilities. Two well-settled and cardinal rules of statutory construction and interpretation requiring no citation of authority appear to be applicable to your question. Firstly, if the meaning of a statute may be ascertained from a plain reading of the statutory language enacted, such a plain reading is prevailing and must be recognized and effectuated, there being no basis for any contrary construction or interpretation. Secondly, the primary object of statutory construction and interpretation is to ascertain and effectuate, if possible, the legislative intent and purpose in enacting the provision under consideration. It is observed that the statutory language under consideration specifically states that the act in no respect prohibits the school administration from ". . . working with a committee elected by the classroom teachers for the purpose of determining a salary schedule . . ." From a strict plain reading viewpoint, it would appear that the language "for the purpose of determining a salary schedule" could be attributed directly to the referred committee elected by the classroom teachers, i.e., the purpose for which the committee is to be elected by classroom teachers, or, could be directly attributable to the referred meeting or "working with" process between teachers and administrators, i.e., the purpose of the referred meeting or conference. We would view such a technical distinction to be unnecessary given appropriate reference to ascertaining and effectuating legislative intent and purpose. Given this last referred cardinal rule of statutory construction, the appropriate conclusion would be the same regardless of which strict reading, above referred, may be chosen. Notwithstanding, the purpose of the meeting, as being one to determine a salary schedule, or the purposes for which the committee is elected to represent teachers in determining a salary schedule, it is clear that the meeting and elected committee have a singular purpose, that being to meet and confer with the mission of establishing a mutually agreed salary schedule for classroom teachers which schedule meets or exceeds the state minimum. Accordingly, it is equally apparent that the Legislature contemplated the referred committee elected by classroom teachers to be one elected for this purpose. A previously elected committee of classroom teachers, created and established for some purpose other than that referred to in the statute, would not comply with the statutory option and scheme and would not be proper. For the reasons above expressed, your first question may be answered by concluding that the referred elected committee of classroom teachers must be a committee elected by classroom teachers for the specific and express purpose of meeting with school administrators in an effort to arrive at a mutually agreed salary schedule for classroom teachers, all being as provided for under 74 O.S. 285 [74-285](46) note, supra. It would not be in keeping with the statutorily authorized procedure for a school administrator to select, on his own volition, any committee which may have been previously elected by classroom teachers and which may have been created or established for any other given purpose. Your second question asks if the referred committee of classroom teachers is to be elected solely by classroom teachers to the exclusion of election participation by supervisory or managerial employees such as school superintendents, principals, etc. It may be generally stated that the laws of the State of Oklahoma, as well as common understanding and word usage, recognizes a distinction between various classes or types of employees of a public school district, this being with respect to both certificated and non-certificated employees. In this connection we note by way of example that Title 70 O.S. 1-116 [70-1-116] (1978), in defining a teacher, recognizes that a teacher may be a district superintendent, county superintendent, principal, supervisor, counselor, librarian, school nurse or classroom teacher. Given the statutorily recognized distinction between a classroom teacher and other types of teachers and given the common and everyday meaning attributed to that which is a classroom teacher, we can only presume that the respective statutory reference to a committee elected by "classroom teachers" means nothing more than that which is plainly expressed, that is, a committee elected by "classroom teachers" without election participation by anyone other than such classroom teachers. We reach this conclusion based upon a plain reading of the statutory language enacted observing the absence of any contrary language in the statute respecting that which was intended in the meaning of the phrase "classroom teachers". Accordingly, in answer to your second question, we conclude that the referred committee must be one elected solely by classroom teachers. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. Under the provisions of 74 O.S. 285 [74-285](46) (1978) note, the committee, elected to meet with the school administration for the purpose of determining a salary schedule, must be a committee elected by classroom teachers specifically for the purpose of determining a salary schedule pursuant to meetings and conferences with the school administration. Any selected committee of classroom teachers previously elected or created for any other purpose would not comply with the statutory procedure. Additionally, the referred committee elected to meet with school administration for the purpose of determining a salary schedule under this section must be one elected solely by classroom teachers, this being to the exclusion of election participation by other supervisory or managerial employees of the district who are not classroom teachers. (R. THOMAS LAY) (ksg)